IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ASHLEY ELIZABETH OLSEN, et al.,<br><br>  Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:12-CV-1184 TS |

This matter is before the Court on Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 37 and 41. For the reasons discussed more fully below, the Court will grant Defendant's Motion in part and dismiss Plaintiffs' claims without prejudice.

I.  BACKGROUND

On December 12, 2012, Plaintiffs filed their complaint against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 to 2680.[1] On July 25, 2013, Plaintiffs' counsel moved to withdraw from this action and the Court granted counsel's motion to withdraw on September 11, 2013.[2] Plaintiffs proceeded pro se. On November 22, 2013, the Court issued an Order to Show Cause why Plaintiffs' claims should not be dismissed for failing to prosecute their case and, upon hearing from Plaintiffs, the Court allowed Plaintiffs' claims to remain.[3] Plaintiffs were warned that the failure to prosecute could result in dismissal.

---

[1] Docket No. 1.
[2] Docket No. 18.
[3] Docket No. 23.

1

On May 12, 2015, the Court held a hearing where the Court asked Defendant's counsel to speak with Plaintiffs about how to comply with the Magistrate Judge's order. The parties agreed to allow Plaintiffs up until May 22, 2015, to respond to Defendant's interrogatories and other discovery requests.[4] To date, Plaintiffs have not responded.

On June 1, 2015, Defendants filed this Motion to Dismiss.[5] Plaintiffs have not substantively responded and the time to do so has passed.[6]

## II.  DISCUSSION

Given Plaintiffs' failure to comply with the Court's order, prosecute their claims, and respond to Defendant's Motion, the Court could likely dismiss Plaintiffs' claims with prejudice. Considering, however, Plaintiffs' pro se status, the Court will dismiss Plaintiffs' claims without prejudice.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action without prejudice "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."[7] "[A] district court may, without abusing its discretion, enter such an order without attention to any particular procedures."[8]

---

[4] Docket No. 39.

[5] Docket No. 40.

[6] On June 16, 2015, the Court received a letter from Plaintiffs (Docket No. 41), but the letter does not substantively respond to Defendant's Motion.

[7] Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003).

[8] *Nasious v. Two Unknown B.I.C.E Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007). By contrast, a court's decision to dismiss a case with prejudice is a harsher remedy that requires the consideration of certain criteria. *Id.  See also AdvantageEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (stating that where "the district court dismissed AdvantEdge's case without prejudice, . . . it was not required to consider the criteria applicable to a dismissal with prejudice").

Considering the facts of this case, the Court finds that dismissal of Plaintiffs' claims without prejudice is appropriate.  As set forth above, the Court provided Plaintiffs several opportunities to participate in discovery and prosecute their claims, but Plaintiffs' have chosen not to do so.  When faced with the prospect of dismissal in the form of Defendant's Motion to Dismiss, Plaintiffs have not substantively responded.  Therefore, the Court finds it appropriate to dismiss Plaintiffs' claims, but will do so without prejudice given Plaintiffs' pro se status.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 40) is GRANTED in part as set forth herein.  Plaintiffs' claims are dismissed without prejudice.

The Clerk of the Court is directed to close this case forthwith.

DATED August 11, 2015.

BY THE COURT:

_____
TED STEWART
United States District Judge